# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50040
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS FERNANDO LOPEZ-QUINTANA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-1193-1

———————————————————————

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Luis Fernando Lopez-Quintana appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing for the first time on appeal that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and the Government has filed a

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50040

motion for summary affirmance or, alternatively, for an extension of time in which to file a brief. Lopez-Quintana takes no position on the Government's motion.

The parties are correct that the argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.